Appellant, Danny L. Hall, appeals his conviction in the Warren Municipal Court on a misdemeanor charge of driving under the influence ("DUI") in violation of R.C. 4511.19(A)(1). The following facts are relevant to a determination of this appeal.
On July 23, 1999, appellant was arrested for DUI. The case was presented to the Trumbull County Grand Jury on the basis that the state claimed appellant had three prior DUI convictions within the last six years, making the offense a fourth degree felony. On November 10, 1999, the grand jury made a finding that appellant had only two prior convictions and, therefore, this offense amounted to a first degree misdemeanor. On November 17, 1999, the Trumbull County Common Pleas Court remanded the case to the Warren Municipal Court due to it being a misdemeanor offense rather than a felony.
On February 15, 2000, appellant filed a motion to dismiss the charges in the municipal court, arguing that he had three prior offenses rather than two and, therefore, the offense was a felony. Hence, he claimed the municipal court was without jurisdiction to handle his case which was, in actuality, a felony. The trial court never ruled on appellant's motion. Instead, on March 24, 2000, appellant changed his plea to "no contest" but specifically preserved his right to appeal on the jurisdictional issue. Appellant was sentenced in accordance with the misdemeanor sentencing statute.
Appellant timely filed a notice of appeal and has now set forth a single assignment of error:
 "The trial court erred in denying Defendant-Appellant's Motion to Dismiss."
 In his sole assignment of error, appellant contends that the trial court erred by denying his motion to dismiss based upon the municipal court's lack of jurisdiction to handle a felony case.
Appellant correctly points out that a municipal court's "felony case" jurisdiction is limited to that of conducting preliminary and "other necessary hearings prior to the indictment of the defendant"; of finding probable cause to hold a defendant; and of discharging or committing a defendant. See R.C. 1901.20(B). The present case, however, did not involve a felony but, rather, a first degree misdemeanor.
It appears that the Trumbull County Grand Jury was presented with evidence of three prior DUI convictions yet, for some reason that we will never know, that body specifically determined that appellant had only two prior DUI convictions within the last six years. We are in no position to question that determination. Additionally, no matter how many prior DUI convictions existed, the prosecutor has sole discretion to decide whether or not to pursue a certain charge. State v. Filchock (1996),116 Ohio App.3d 572, 577; State v. Semenchuk (1997), 122 Ohio App.3d 30,38. In the present case, the prosecutor chose to proceed with a misdemeanor charge. That was within his discretion to do so. Hence, the trial court properly overruled appellant's motion to dismiss.
Appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., NADER, J., concur.